**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

---

**JOHN GARLAND, individually, and
on behalf of all others similarly situated,**

      **Plaintiffs,**

**v.**                      **No.: 1:09-CV-01067-STA-egb**

**WAL-MART STORES, INC.,**        **CLASS ACTION**

                                     **JURY DEMANDED**

      **Defendant.**

---

## PRELIMINARY APPROVAL ORDER

---

      This matter comes before the Court on the joint request of the parties for preliminary approval of a Class Action Settlement Agreement and Release, and based upon the papers submitted to the Court and all of the proceedings had in this matter to date, IT IS HEREBY ORDERED:

      1.     Solely for purposes of settlement, the following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):  All consumers who, between October 8, 2008 and April 3, 2009, initiated an electronic funds transfer and were charged a one dollar ($1.00) fee for withdrawing funds from the Money Center Express Machine ("ATM") located within the Wal-Mart store at 2196 Emporium Dr. (Store No. 335), Jackson, Tennessee.

      2.     Based on the parties' agreements, and for settlement purposes only: (A) the class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Class Members; (C) the

claim of Plaintiff John Garland is typical of the Class Members' claims; (D) Plaintiff John Garland is an appropriate and adequate representative for the Class and his attorneys, Justin S. Gilbert, J. Brandon McWherter and Clinton H. Scott are hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Class Members in this case.

3.      The Court finds that the proposed settlement is within the range of fairness and reasonableness and grants preliminary approval of same.   In the event that the proposed settlement is not finally approved for any reason, Defendant shall, pursuant to the Settlement Agreement, retain its right to contest certification of the Class.

4.      The Court finds that it is impracticable under the circumstances to attempt to give individual notice to Class Members.  Defendant does not have the name and/or address of any of the approximately six thousand (6,000) potential Class Members.  In order to identify the names and addresses, an unknown amount of subpoenas would have to issue, which would not be practicable or cost effective in light of the amount of the Settlement Fund.  In fact, the parties represent to the Court that obtaining the names and addresses of Class Members could cost more than the entire Settlement Fund in this case.

5.      Therefore, the Court approves the proposed forms of notice to the Class, and directs that notice be implemented in accordance with paragraph 7 of the Settlement Agreement. Defendant will file an affidavit with the Court, at least five (5) business days prior to the Fairness Hearing, attesting to the maximum number of transactions possible at the ATM during the Class Period, confirming the impracticability of direct notice to Class Members, and the methods by which the required notice has been given.

6.      The Court finds that the notice proposed in paragraph 7 of the Settlement

Agreement is the only notice to the Class Members required and further finds that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

7.      Class members shall have ninety (90) days, beginning April 1, 2010, to send in a Claim Form, opt out of the Settlement, or object to the proposed Settlement Agreement.

8.      Any Class Member who wants to receive a monetary portion of the Settlement Fund shall file a Claim Form, which will be available for download at _____ or by contacting Class Counsel to request one.  To be timely, a Claim Form must be sent to the Settlement Administrator and postmarked within ninety (90) days of April 1, 2010.

9.      Any Class Member who desires to exclude himself or herself from the Class and to not be bound by the Settlement Agreement, shall send a written request to the Settlement Administrator postmarked within ninety (90) days of the date Class Notice is first provided in accordance with paragraphs 7.12 and 7.13 of the Settlement Agreement.  To be effective, the request for exclusion must make clear that exclusion is sought by stating:  "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN *GARLAND V. WAL-MART STORES, INC.*"  The request for exclusion must also contain the excluded Class Member's name, address, and signature.

10.     Any Class Member who objects to the Settlement contemplated by the Agreement shall have a right to appear and be heard at the Fairness Hearing provided that such Class Member files with the Court and delivers to Class Counsel and Defendant's Counsel a written notice of objection together with a statement of reasons for the objection, as well as the name and address of the objector, postmarked no later than fourteen (14) days before the Fairness Hearing. Class Counsel and Defendant's Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law no later than five (5) days prior to the Fairness Hearing.

11.     A Final Fairness Hearing on the fairness and reasonableness of the Settlement

Agreement will be held before this Court on the 22d day, of July, 2010, at 10:a.m.

IT IS SO ORDERED.

Entered this 17th day of March, 2010.

**s/ S. Thomas Anderson**
S. Thomas Anderson
United States District Judge


APPROVED FOR ENTRY:


*s/ J. Brandon McWherter* _____
Justin S. Gilbert (17079)
J. Brandon McWherter (21600)
Clinton H. Scott (23008)
GILBERT RUSSELL McWHERTER PLC
101 North Highland
Jackson, Tennessee 38301
Telephone: (731) 664-1340
Facsimile: (731) 664-1540


*Attorneys for Plaintiffs*


*s/ Glen G. Reid, Jr.*
Glen G. Reid, Jr. (08184)
Robert L. Crawford (7216)
Kacey L. Faughnan (24421)
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, TN  38120
Telephone:  (901) 537-1000
Facsimile:  (901) 53-1010


Attorneys for Defendant
Wal-Mart Stores, Inc.